| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| OVSANNA TAKVORYAN (SBN 217435)<br>KRISTINE T. TAKVORYAN (SBN 242445)<br>TAKVORYAN LAW GROUP,<br>A PROFESSIONAL CORPORATION<br>550 N. Brand Blvd., Suite 1640<br>Glendale, California 91203<br>Telephone:  (818) 484-8161<br>Facsimile:  (818) 484-2126<br>ovsanna@takvoryanlawgroup.com<br>kristine@takvoryanlawgroup.com<br><br>☐  *Individual appearing without attorney*<br>☑  *Attorney for:*  Debtor and Debtor in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - <u>SAN FERNANDO VALLEY</u> DIVISION**

| In re:<br><br>   JACK PIANDARYAN,<br><br><br><br><br><br><br><br>                                          Debtor(s). | CASE NO.:  1:11-bk-13493-MT<br>CHAPTER: 11<br><br>**INDIVIDUAL DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** \| AMENDED PER 6/21/12 DS HRG<br><br>DATE: 9/20/2012<br>TIME:  9:30 am<br>COURTROOM: 302<br>PLACE: 21041 Burbank Blvd.<br>            Woodland Hills, CA 91367 |

This plan of reorganization (the Plan) under chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtor.  If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed.  All Creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims.  A disclosure statement (the Disclosure Statement) that provides additional information is being served with this Plan.  The Disclosure Statement is explanatory only; the language used in the Plan is binding.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.**

## Article I
## Treatment of Unclassified Claims

Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals, United States trustee fees, and postpetition domestic support obligations; (ii) involuntary gap period claims under § 507(a)(3); and (iii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan.  These claims shall be treated as follows:

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

A.    <u>Professional Fees</u>.  Professional fees may only be paid upon application to and approval by the court.  The Debtor will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon court order, except to the extent that a holder of such claim agrees to other terms.  | See Attached |

B.    <u>Other Administrative Claims</u>.  The Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising postpetition[1] and United States trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.[2]  | See Attached |

C.    <u>Tax Claims</u>.  The Debtor will pay claims entitled to priority under § 507(a)(8) in full over time with _____% interest in equal amortized payments in accordance with § 511.  Payments will be made quarterly, due on the first day of the quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the  entry of the order for relief.[3]  | See Attached |

D.    <u>Involuntary Gap Period Claims pursuant to § 507(a)(3)</u>.  The Debtor will pay claims allowed under § 502(f) in full on, or as soon as practicable after, the Effective Date except to the extent a holder of such claim agrees to other terms.[4]  | N/A |

## Article II
## Classification and Treatment of Claims

<u>Classes 1(a)-(e):  Priority Claims</u>.

These impaired classes include allowed unsecured claims entitled to priority under § 507 (except administrative claims under § 507(a)(2), involuntary gap period claims under § 507(a)(3) and priority tax claims under § 507(a)(8), which are unclassified and treated in Article I).  For instructions on voting, see Part 2 of the Disclosure Statement.  If any Class does not vote to accept the Plan, then each claim in the non-accepting class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms).  Creditors in Class 1 are treated as follows (*Check each box that applies*):

☑    Debtor has no creditors in Class 1

☐    Class 1(a): Unsecured domestic support obligation claims entitled to priority under § 507(a)(1).  Debtor proposes to pay each claim in Class 1(a) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ monthly ☐ quarterly, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(b):  Wage and commission claims entitled to priority under § 507(a)(4).  The Debtor proposes to pay each claim in Class 1(b) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(c): Employee benefit plan contribution claims entitled to priority under § 507(a)(5).  The Debtor proposes to pay each claim in Class 1(c) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

---

1    Section 1129(a)(14) requires payment of all domestic support obligations arising postpetition.
2    Section 1129(a)(9)(A) requires payment in full of administrative expenses on the Effective Date.
3    Payment of priority tax claims in full within 5 years of the petition date and on terms not less favorable than those accorded the most favored nonpriority creditor is required by § 1129(a)(9)(C)  IF THE ABSOLUTE PRIORITY RULE APPLIES AND CLASS 6(B) VOTES TO REJECT THE PLAN, ADD THE FOLLOWING: "Accordingly, if Class 6(b) votes to reject the Plan and is paid in full over time, tax priority claimants will receive an interest rate of __% and maturity on _____.  This treatment is at least as favorable as that received by Class 6(b)."
4    This treatment is required by § 1129(a)(9)(A).

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

☐    Class 1(d): Grain producer and fisherman claims entitled to priority under § 507(a)(6).  The Debtor proposes to pay each claim in Class 1(d) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(e): <u>Consumer deposit claims entitled to priority under § 507(a)(7)</u>.  The Debtor proposes to pay each claim in Class 1(e) in full over _____ years, with _____% postconfirmation interest per annum.  Payments will be made in equal ☐ monthly ☐ quarterly amortizing installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

**Class 2: Secured claims on Debtor's principal residence.**

A.    <u>Unimpaired secured claims on Debtor's principal residence</u>.  These classes include claims secured solely by the Debtor's principal residence.  All arrearages shall be paid on, or as soon as practicable after, the Effective Date unless the holder of the claim agrees to other terms.  Regular payments shall be made as they come due based on their respective governing loan documents, and except with respect to curing the arrearages, the Plan does not alter the legal, equitable or contractual rights of the creditor.  The Debtor shall maintain current payments and the Plan must not otherwise alter the legal, equitable or contractual rights of the creditors to which that claim entitles the holder of the claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 2(a):  Secured claim of: _____
           Property address or description of collateral: _____
           Priority of lien: _____
           Total amount of allowed claim: $_____
           Amount of arrearages: $_____
           Regular monthly payment: $_____

Class 2(b):  Secured claim of: _____
           Property address or description of collateral: _____
           Priority of lien: _____
           Total amount of allowed claim: $_____
           Amount of arrearages: $_____
           Regular monthly payment: $_____

B.    <u>Impaired secured claims on Debtor's principal residence</u>.  These classes of secured claims on the Debtor's principal residence are impaired and therefore, entitled to vote under the Plan.  The arrearages in the sum of $_____ shall be paid over _____ years with _____% interest.  To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date (Cure Payments).  Ongoing payments shall be made as they come due based on their respective governing loan documents (Regular Payments).  The claim will be paid in full as a secured claim in this class pursuant to § 1123(b)(5).

Class 2(c):  Secured claim of: <u>Los Angeles County Treasurer and Tax Collector</u>
           Property address or description of collateral: <u>7025 - 7027 Firmament Ave, Van Nuys, CA  91406</u>
           Priority of lien: _____
           Amount of arrearages: $_____            See Attached
           Total amount of allowed claim as of _____:
           ☐ Monthly ☐ quarterly Cure Payment amount: $ _____
           ☐ Monthly ☐ quarterly Regular Payment amount: $ _____
           Total ☐ monthly ☐ quarterly payments: $ _____
           Total amount of payments (over time) to satisfy the secured claim: $_____
           Interest rate (to compensate creditor because claim is paid over time): _____%
           First payment date: _____

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                    Page 3                           **F 2081-1.PLAN**

Amount of each installment: $ _____
Frequency of payments: _____
Total yearly payments: $_____
Final payment date: _____
Monthly payments will be due on the first day of the month.

Class 2(d):  Secured claim of: _CitiMortgage, Inc._____
Property address or description of collateral: _7025 - 7027 Firmament Ave, Van Nuys, CA  91406_____
Priority of lien: _____
Amount of arrearages: $_____                        | See Attached |
Total amount of allowed claim as of: _____
☐ Monthly ☐ quarterly Cure Payment amount: $ _____
☐ Monthly ☐ quarterly Regular Payment amount: $_____
Total ☐ monthly ☐ quarterly payments: $_____
Total amount of payments (over time) to satisfy the secured claim: $ _____
Interest rate (to compensate creditor because claim is paid over time): _____%
First payment date: _____
Amount of each installment: $ _____
Frequency of payments: _____
Total yearly payments: $ _____
Final payment date: _____
Monthly payments will be due on the first day of the month.

| See below and Attached for treatment of additional claims secured by the Firmament Property |

**Class 3: Unimpaired secured claims on property other than the Debtor's principal residence.**

This class includes claims secured by a lien on property other than the Debtor's principal residence in which Debtor has an interest that is unimpaired under the Plan.  Debtor will cure any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights to which that claim entitles the holder of the claim.  All arrearages shall be paid in full on, or as soon as practicable after, the Effective Date, unless the holder of the claim agrees to other terms.  Regular payments made thereafter will be made when due under the documents governing claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 3(a):  Secured claim of: _Mercedes Benz Financial Services_____
Description of collateral: _2009 E350 Mercedes Benz_____
Priority of lien: _1st_____
Total amount of allowed claim: $_7,274.50_____
Amount of arrearages: $_0.00_____
Regular monthly payment: $_667.95_____

Class 3(b):  Secured claim of: _____
Description of collateral: _____
Priority of lien: _____
Total amount of allowed claim: $_____
Amount of arrearages: $_____
Regular monthly payment: $_____

| Class 2(e): Secured claim of: OneWest Bank as Servicer for Deutsche Bank as Indenture Trustee of IndyMac |
| See Attached |

| Class 2(e): Secured claim of: American Express Bank, FSB |
| See Attached |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Class 4: Unimpaired secured claims on Collateral to be Surrendered by Debtor.**

This class includes claims secured by a lien on property in which the Debtor has an interest that are unimpaired under the Plan. Debtor will not retain interest in such property(ies) and will surrender such collateral to the secured creditor:  ☐ not later than Effective Date      ☐ by (date):_____

Class 4(a): Secured claim of: _____
            Description of collateral: _____
Class 4(b): Secured claim of: _____
            Description of collateral: _____

**Class 5: Impaired secured claims**

The following classes include claims secured by a lien on property other than the debtor's principal residence in which Debtor has an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

The secured portion of the following impaired class(es) shall be paid as set forth below.  The arrearages in the sum of $_____ shall be paid over _____ years with _____% interest.  To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date (Cure Payments).  Ongoing payments shall be made ☐ as they come due based on their respective governing loan documents (Regular Payments), or ☐ in modified payments as described below.  The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 6.  However, if the holder of a secured claim makes a timely and valid §1111(b) election, the claim shall be treated as a secured claim notwithstanding § 506(a).

The following chart lists Class 5 claims and their proposed treatment under the Plan:

Class 5(a): Secured claim of: _Castle Peak 2010-1 Loan Trust_____
            Property address or description of collateral: _1616 N. Verdugo Road #109, Glendale, CA 91208_____
            Priority of lien: _1st_____
            Amount of arrearages: $_____            ┌─────────────────┐
            Total amount of allowed claim as of: _____      │See Attached     │
            ☐ monthly ☐ quarterly Cure Payment amount: $_____
            ☐ monthly ☐ quarterly Regular Payment amount: $_____
            Total ☐ monthly  ☐ quarterly payments: $_____
            Total amount of payments (over time) to satisfy the secured claim: $_____
            Interest rate (to compensate creditor because claim is paid over time): _____%
            First payment date: _____
            Amount of each installment: $_____
            Frequency of payments: _____
            Total yearly payments: $_____
            Final payment date: _____
            Monthly payments will be due on the first day of the month.

Class 5(b): Secured claim of: _____
            Property address or description of collateral: _____
            Priority of lien: _____
            Total amount of allowed secured claim as of: _____
            Total amount of payments (over time) to satisfy the secured claim: $_____
            Interest rate (to compensate creditor because claim is paid over time): _____
            First payment date: _____
            Amount of each installment: $_____
            Frequency of payments: _____
            Total yearly payments: $_____
            Final payment date: _____
            Monthly payments will be due on the first day of the month.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

If a secured creditor disputes the value of its collateral as stated above, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor may be determined to be the value of the collateral. The objection must be accompanied by competent evidence of valuation. If the value of the collateral is disputed, the court may schedule a separate hearing to determine value.

To the extent that certain creditors' claims are entitled to various amounts due because defaults are not cured or paid in full on or before the Effective Date, those classes of creditors are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 6: General Unsecured Claims**.

☐    Class 6(a): Smaller Unsecured Claims. This class includes any allowed unsecured claim of $_____ or less and any allowed unsecured claim larger than $_____ but whose holder agrees to reduce its claim to $_____. Each member of this class shall receive on the Effective Date, or as soon as practicable thereafter, a single payment equal to 100% of the allowed claim. This class is unimpaired and not entitled to vote on the plan.

☑    Class 6(b): Other General Unsecured Creditors. This class includes all allowed unsecured claims not in Class 6(a) and not entitled to priority. Each member of Class 6(b) shall be paid \_\_\_\_\_% of its claim over \_\_\_\_\_ years in equal ☐ monthly ☐ quarterly installments, due on the first day of each calendar ☐ month ☐ quarter, ☐ with interest at the rate of \_\_\_\_\_% per annum ☐ without interest starting on the first such date after the Effective Date. If payments are not proposed as equal monthly installments, they will be paid as follows:    See Attached

This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 6 claims, as of this date, are listed on Exhibit C to the Disclosure Statement.

## Article III
## Allowance and Disallowance of Claims

A.    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B.    Delayed Distribution on Disputed Claims. No distribution will be made on account of that portion of a claim that is disputed unless it is allowed by final nonappealable order.

C.    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount allowed by the compromise does not exceed $ 5,000.00_____, in which case no court approval is necessary.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                Page 6                                **F 2081-1.PLAN**

## Article IV
## Executory Contracts and Unexpired Leases

A.    <u>Executory Contracts and Leases Assumed.</u>  The Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement, effective upon the Effective Date, and shall perform all obligations thereunder, both preconfirmation and postconfirmation.  Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance.  Postconfirmation obligations will be paid as they come due.

B.    <u>Executory Contracts and Leases Rejected.</u>  The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.  Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise.

## Article V
## Means of Implementation

The Plan will be funded through (*Check each box that applies*):

a.    ☐    $_____ of cash available on the date of the Plan confirmation hearing;
b.    ☐    A sale of the following property (*describe*) _____
_____,
described in the Plan, which the Debtor estimates will produce $_____;
c.    ☑    additional cash from projected disposable income (projected to be $ 1,160.95 _____/month for the __5__ year(s)[5] following confirmation); and/or
d.    ☑    other sources of funding, as follows: <u>Cash Contributions from Debtor's mother, sister and girlfriend</u>

Please see Part 3 of the Disclosure Statement for further details of these projections.

## Article VI
## Discharge and Other Effects of Confirmation

A.    <u>Discharge.</u>  Upon completion of all payments under the Plan, the Debtor shall receive a discharge of all preconfirmation debts, whether or not the creditor files a proof of claim, or accepts the Plan, unless the court orders otherwise.  Such discharge will not discharge Debtor from any debts that are nondischargeable under § 523 or the obligations created by this Plan.

B.    <u>Vesting of Property.</u>  On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b), free and clear of all claims and interests except as provided in the Plan.

C.    <u>Plan Creates New Obligations.</u>  Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D.    <u>Creditor Action Restrained.</u>  Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan.  If the Debtor is in material default under the Plan, affected creditors may:  (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

E.    <u>Material Default Defined.</u>  If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor

---

[5] This number should match the number of years selected for payments made to creditors under the plan and the number of years of projected disposable income calculated in Part 3.C. of the Disclosure Statement.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                                    Page 7                                    **F 2081-1.PLAN**

may serve upon Debtor and Debtor's attorney (if any) a written notice of default. The Debtor is in material default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

    F.    <u>Retention of Jurisdiction</u>. This court retains jurisdiction until all Plan payments have been made.

**Article VII**
**General Provisions**

    A.    <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in the Plan.

    B.    <u>Effective Date of Plan</u>. The Effective Date of the Plan is 14 days following the date of the entry of the order confirming the Plan. But, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

    C.    <u>Cramdown</u>. Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b).

    D.    <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

    E.    <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

    F.    <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or FRBP), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

    G.    Final Decree. Pursuant to FRBP 3022, a Final Decree may not be entered until a bankruptcy case is fully administered. The court may, however, allow a Final Decree to be entered at an earlier date if requested in Miscellaneous Provisions (below), or for cause shown.

    H.    Miscellaneous Provisions: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                Page 8                **F 2081-1.PLAN**

I.    ☑    Addendum attached, see addendum.

Date: 7/19/2012

By: /s/ Jack Piandaryan
Signature of Debtor

Name: Jack Piandaryan
Printed name of Debtor

Date: 7/19/2012

By: /s/Ovsanna Takvoryan
Signature of attorney for Debtor, if any

Name: Ovsanna Takvoryan, Esq.
Printed name of attorney for Debtor, if any

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                    Page 9                                    F 2081-1.PLAN

# Addendum to Individual Debtor's Amended Plan of Reorganization

## Article I
## Treatment of Unclassified Claims

A.    **Professional Fees**

The following is a list of all Professional Fee Claimants:

| Name/Description | Amount Owed | Plan Treatment |
|---|---|---|
| Takvoryan Law Group, A Professional Corporation ("TLG") – Bankruptcy Counsel to the Debtor | $20,000[1] (estimated) | TLG is entitled to payment in full upon the later of (1) the Effective Date, and (2) entry of a final order approving TLG's fees and expenses.<br><br>TLG has agreed to accept installment payments at 0% interest per annum resulting in payments of $1,000.00 per month upon the later of (1) the Effective Date, and (2) entry of a final order approving TLG's fees and expenses until such time as the claim is paid in full. |
| Cohen Law Group, Attorneys at Law ("CLG") – Special Litigation Counsel to the Debtor | $15,000[2] (estimated) | Upon the later of (1) the Effective Date, and (2) entry of a final order approving CLG's fees and expenses. |
| Larry Gilliam, CPA ("CPA") – Accountant to the Debtor[3] | $600 (estimated) | Upon the later of (1) the Effective Date, and (2) entry of a final order approving CPA's fees and expenses. |

---

[1]    This is just an estimate of amounts to be paid net of retainer previously paid to TLG.  TLG's actual fees and expenses could be higher or lower than this estimate.

[2]    This is just an estimate of amounts to be paid net of retainer previously paid to CLG.  CLG's actual fees and expenses could be higher or lower than this estimate.

[3]    The Debtor has obtained an extension for the filing of his 2011 tax returns.  The Debtor is in the process of employing Larry Gilliam, CPA as the Debtor's accountant and tax consultant to prepare and file the Debtor's 2011 tax returns.  Larry Gilliam's employment application has not yet been filed with or approved by the Court.  Larry Gilliam will prepare the Debtor's 2011 tax returns soon after the Court enters an order authorizing his employment.

**B.**    **Other Administrative Claims**

The following is a list of all other claims allowed under § 503(b) and entitled to priority under § 507(a)(2) administrative claims:

| Name/Description | Amount Owed | Plan Treatment |
|---|---|---|
| Los Angeles County Treasurer And Tax Collector (Proof of Claim No. 20-1) | $363.43 | Paid in full on the Effective Date. |
| Internal Revenue Service Estimated federal income taxes for 2011. | $0 (estimated) | Paid in full on the Effective Date. |
| Franchise Tax Board Estimated state income taxes for 2011. | $0 (estimated) | Paid in full on the Effective Date. |
| Clerk's Office Fees | $0 (estimated) | Paid in full on the Effective Date. |
| Office of the U.S. Trustee Fees | $0 (estimated) | Paid in full on the Effective Date. |

**C.**    **Tax Claims**

The following is a list of all of the Debtor's § 507(a)(8) priority tax claims:

| Name/Description | Amount Owed | Plan Treatment |
|---|---|---|
| Los Angeles County Treasurer And Tax Collector (Proof of Claim No. 18-1) | $330.39 | Paid in full on the Effective Date. |

## Article II
## Classification and Treatment of Claims

### Class 2(c): Los Angeles County Treasurer And Tax Collector

| Description | Impaired (Y/N) | Plan Treatment |
|---|---|---|
| Los Angeles County Treasurer And Tax Collector (Proof of Claim No. 19-2)<br><br>Description of Collateral: 7025-7027 Firmament Ave. Van Nuys, CA 91406 (the "Firmament Property")<br><br>Collateral Value: $425,000 Per Appraisal Dated 02/21/2012<br><br>Priority of Lien: Statutory lien under California state law secured under 11 U.S.C. Section 506(b).<br><br>Total Claim Amount: $31,279.57 (per Proof of Claim No. 19-2) | Y<br><br>Creditor in this class is impaired and entitled to vote on the Plan. | The treatment of the Class 2(c) allowed claim described herein shall be in full settlement and satisfaction of the entire claim.<br><br>Payment amt/interval: $976.25 monthly<br><br>Begin Date: Effective Date<br><br>End Date: 5th anniversary of Petition Date<br><br>Interest Rate: 18%<br><br>Total Payout: $42,955 |

///

///

///

**Class 2(d): CitiMortgage, Inc.**

| Description | Impaired (Y/N) | Plan Treatment |
|---|---|---|
| Secured Claim of: CitiMortgage, Inc. (Proof of Claim No. 16-1)<br><br>Description of Collateral: 7025-7027 Firmament Ave. Van Nuys, CA 91406<br><br>Collateral Value: $425,000[4] Per Appraisal Dated 02/21/2012<br><br>Priority of Lien: 1st Deed of Trust<br><br>Total Claim Amount: $457,074.96 (per Proof of Claim No. 16-1)<br><br>Pre-Petition Arrearages: $39,234.06 (per Proof of Claim No. 16-1)<br><br>Post-Petition Arrearages: $36,554 (estimated)<br><br>Total Arrearages: $75,788.06<br><br>Secured Portion of Claim: $425,000.00<br><br>Unsecured Portion of Claim: $107,863.02 (estimated) | Y<br><br>Creditor in this class is impaired and entitled to vote on the Plan. | Debtor disputes the secured claim of CitiMortgage, Inc. and has employed Cohen Law Group, Attorneys at Law, as special litigation counsel to represent the Debtor in connection with his pursuit of certain claims against CitiMortgage, Inc. (among other parties) based primarily upon deceptive trade practices (the "Litigation").<br><br>The treatment of the Class 2(d) *allowed claim* described herein shall be in full settlement and satisfaction of the entire claim including all arrears.<br><br>The Class 2(d) allowed claim shall be paid upon the earlier of (1) entry of a final order and/or judgment resolving the Litigation, and (2) December 1, 2012 as follows:<br><br>**In the Event the Class 2(d) Claim Is Allowed In Full:**<br><br>This claim is undersecured because it attaches to collateral of lesser value than the claim amount. Pursuant to 11 U.S.C. § 506(a), the claim is secured only to the extent of the value of Claimant's interest in Debtor's interest in the collateral. Consequently, the claim is bifurcated into a secured and an unsecured claim.<br><br>Payment of the Secured Claim: Payment amt/interval: $1,968.24 monthly |

---

[4]    The Debtor intends to file a motion pursuant to 11 U.S.C. § 506(a) to determine the value of the collateral and obtain a valuation order prior to the hearing on the approval of the Debtor's Disclosure Statement. Although the property in question is the Debtor's principal residence, it is a two unit family residence and, as such, the first deed of trust on the property in question can be modified.

Begin Date:
The earlier of (1) entry of a final order and/or judgment resolving the Litigation, and (2) December 1, 2012 as follows:

End Date:
30th anniversary of Begin Date

Interest Rate:
3.75%

Total Payout:
$708,566.40

Payment of the Unsecured Claim:
The unsecured portion of the claim will be treated as a **Class 6(b)** General Unsecured Claim under the Plan and receive a pro-rata share in the Plan's distribution to **Class 6(b)**. Claimant will receive a second ballot to be used in voting among the **Class 6(b)** General Unsecured Creditors.

Because the creditor's claim is being allowed in part as a secured claim and in part as an unsecured claim, this creditor is entitled to accept or reject the Plan in each capacity by delivering one ballot for the secured part of the claim and another ballot for the unsecured portion of the claim.

**In the Event the Debtor and Class 2(d) Claimant Resolve the Litigation Through Settlement:**

Payment of Class 2(d) allowed claim shall be made in accordance with the terms of such settlement approved by the Court.

**In the Event the Court Enters An Order and/or Judgment Resolving the Litigation:**

Payment of Class 2(d) allowed claim shall be made in accordance with the terms of such order and/or judgment.

**Class 2(e): OneWest Bank, FSB as Servicer for Deutsche Bank National Trust Company as Indenture Trustee of the IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2007-H1**

| Description | Impaired (Y/N) | Plan Treatment |
|---|---|---|
| Secured Claim of: OneWest Bank, FSB as Servicer for Deutsche Bank National Trust Company as Indenture Trustee of the IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2007-H1 (Proof of Claim No. 13-1)<br><br>Description of Collateral: 7025-7027 Firmament Ave. Van Nuys, CA 91406<br><br>Collateral Value: $425,000 Per Appraisal Dated 02/21/2012<br><br>Priority of Lien: 2nd Deed of Trust<br><br>Total Claim Amount: $308,768.10 (per Proof of Claim No. 13-1)<br><br>Total Arrearages: $13,440 (estimated)<br><br>Secured Portion of Claim: $0.00<br><br>Unsecured Portion of Claim: $322,208.10 (estimated) | Y<br><br>Creditor in this class is impaired and entitled to vote on the Plan. | Debtor disputes the secured claim of OneWest Bank, FSB as Servicer for Deutsche Bank National Trust Company as Indenture Trustee of the IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2007-H1 ("OneWest Bank") and has employed Cohen Law Group, Attorneys at Law, as special litigation counsel to represent the Debtor in connection with his pursuit of certain claims against OneWest Bank (among other parties) based primarily upon deceptive trade practices (the "Litigation").<br><br>The treatment of the Class 2(e) *allowed claim* described herein shall be in full settlement and satisfaction of the entire claim including all arrears.<br><br>The Class 2(e) allowed claim shall be paid upon the earlier of (1) entry of a final order and/or judgment resolving the Litigation, and (2) December 1, 2012 as follows:<br><br>**In the Event the Class 2(e) Claim Is Allowed In Full:**<br><br>This claim is unsecured because it attaches to collateral of no value to the claimant. Pursuant to 11 U.S.C. § 506(a), the claim is secured only to the extent of the value of claimant's interest in Debtor's interest in the collateral. Consequently, the entire claim is reclassified as an unsecured claim.<br><br>As such, the entire amount of the Class 2(e) allowed claim shall get the same treatment as the **Class 6(b)** General Unsecured Claims under the Plan and receive a pro-rata share in the Plan's distribution to **Class 6(b)**. |

| | | |
|---|---|---|
| | | **In the Event the Debtor and Class 2(e) Claimant Resolve the Litigation Through Settlement:**<br><br>Payment of Class 2(e) allowed claim shall be made in accordance with the terms of such settlement approved by the Court.<br><br>**In the Event the Court Enters An Order and/or Judgment Resolving the Litigation:**<br><br>Payment of Class 2(e) allowed claim shall be made in accordance with the terms of such order and/or judgment. |

**Class 2(f): American Express Bank, FSB**

| Description | Impaired (Y/N) | Plan Treatment |
|---|---|---|
| Secured Claim of:<br>American Express Bank, FSB<br><br>Description of Collateral:<br>7025-7027 Firmament Ave.<br>Van Nuys, CA 91406<br><br>Collateral Value: $425,000<br>Per Appraisal Dated 02/21/2012<br><br>Priority of Lien:<br>Involuntary Judgment Lien<br><br>Total Claim Amount:<br>$37,085.86<br>(per Abstract of Judgment)<br><br>Secured Portion of Claim:<br>$0.00<br><br>Unsecured Portion of Claim:<br>$37,085.86 (estimated) | Y<br><br>Creditor in this class is impaired and entitled to vote on the Plan. | The treatment of the Class 2(f) allowed claim described herein shall be in full settlement and satisfaction of the entire claim.<br><br>This claim is unsecured because it attaches to collateral of no value to the claimant.  Pursuant to 11 U.S.C. § 506(a), the claim is secured only to the extent of the value of claimant's interest in Debtor's interest in the collateral.  Consequently, the entire claim is reclassified as an unsecured claim.<br><br>As such, the entire amount of the Class 2(f) allowed claim shall get the same treatment as the **Class 6(b)** General Unsecured Claims under the Plan and receive a pro-rata share in the Plan's distribution to **Class 6(b)**. |

**Class 5(a): Castle Peak 2010-1 Loan Trust**

| Description | Impaired (Y/N) | Plan Treatment |
|---|---|---|
| Secured Claim of: Castle Peak 2010-1 Loan Trust (Proof of Claim No. 17-1)<br><br>Description of Collateral: 1616 N. Verdugo Road #109, Glendale, CA 91208 (the "Verdugo Property")<br><br>Collateral Value: $429,800 (Debtor's Opinion of Value per Schedule A)<br><br>Priority of Lien: 1st Deed of Trust<br><br>Total Claim Amount as of 2/21/2012: $438,543.92 (per Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362 [Docket No. 37])<br><br>Pre-Petition Arrearages: $34,170.66 (per Proof of Claim No. 17-1) | N<br><br>Creditor in this class is not impaired and not entitled to vote on the Plan. | Debtor disputes the secured claim of Castle Peak 2010-1 Loan Trust ("Castle Peak") and has employed Cohen Law Group, Attorneys at Law, as special litigation counsel to represent the Debtor in connection with his pursuit of certain claims against Castle Peak (among other parties) based primarily upon deceptive trade practices (the "Litigation").<br><br>However, an order was entered on April 19, 2012, granting Castle Peak's Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362 [Docket No. 53]. Castle Peak may enforce its remedies to foreclose upon and obtain possession of the Verdugo Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.<br><br>In the event Castle Peak pursues any deficiency claim against the Debtor or property of the estate by filing a Proof of Claim pursuant to 11 U.S.C. § 501, such claim, *if allowed*, shall get the same treatment as the **Class 6(b)** General Unsecured Claims under the Plan and receive a pro-rata share in the Plan's distribution to **Class 6(b)**. |

## Class 6(b): General Unsecured Creditors

| Description | Impaired (Y/N) | Plan Treatment |
|---|---|---|
| All General Unsecured Claims<br><br>Total Amount: $572,864.84 (estimated)<br><br>Class 6(b) consists of all pre-bankruptcy claims against the Debtor, including a disputed duplicate claim in the amount of $1,250.67, the unsecured claims of Class 2(d), Class 2(e), and Class 2(f), as well as any allowed deficiency claim of Castle Peak 2010-1 Loan Trust following a foreclosure of the Verdugo Property. | Y<br><br>Creditors in this class are impaired and entitled to vote on the Plan. | To the extent that certain Class 6(b) claims are not allowed claims as of the commencement of distributions, funds shall be segregated and held in an amount sufficient to pay any disputed Class 6(b) claims if and when such claims become Allowed Claims.<br><br>Payment Interval/Begin Date: Every six (6) months beginning six months following the Effective Date for five years. Payment Amount: $1,200<br><br>End Date: 5th anniversary of Effective Date<br><br>Total Payout: $12,000<br><br>Since Class 2(d), Class 2(e), and Class 2(f) claimants are to receive a pro-rata share in the Plan's distribution to Class 6(b), each member of Class 6(b) shall be paid an estimated distribution of 2.1% of its claim if Class 2(d), Class 2(e), and Class 2(f) claims are allowed in full.  If Class 2(d), Class 2(e), and Class 2(f) claims are disallowed in their entirety, each member of Class 6(b) shall be paid an estimated distribution of 11.3% of its claim. |

| In re: | | CHAPTER: **11** |
| --- | --- | --- |
| **Jack Piandaryan** | | CASE NUMBER: **1:11-bk-13493-MT** |
| | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **550 N. Brand Blvd., Suite 1640, Glendale, CA 91203**

A true and correct copy of the foregoing document described as    **INDIVIDUAL DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** *AMENDED PER 6/21/12 DISCLOSURE STATEMENT HEARING*    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 19, 2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Katherine Bunker    kate.bunker@usdoj.gov
**Barry S Glaser    bglaser@swjlaw.com**
**Michael R Gonzales    lbcecf@bvwlaw.com**
**Erin L Laney    ecfcacb@piteduncan.com**
**Christopher M McDermott    ecfcacb@piteduncan.com**
**Brian A Paino    ecfcacb@piteduncan.com**
**Ramesh Singh    claims@recoverycorp.com**
**Ovsanna Takvoryan    ovsanna@takvoryanlawgroup.com**
**United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  **July 19, 2012**  , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Via Priority Mail
Honorable Maureen Tighe
US Bankruptcy Court
Central District of California
21041 Burbank Blvd., Ste 325
Woodland Hills CA 91367-6606**

**Via Priority Mail
United States Trustee (SV)
21051 Warner Center Lane, Suite 115
Woodland Hills CA 91367-6550**

**Via U.S. Mail
All Creditors
See Attached Service List**

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 19, 2012 | Suzy Takvoryan | |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-1
Case 1:11-bk-13493-MT
Central District Of California
San Fernando Valley
Thu Jul 19 14:55:45 PDT 2012

Castle Peak 2010-1 Loan Trust
c/o Acqura Loan Services
Attn: Payment Processing
PO Box 202743
Dallas, TX 75320-2743

Los Angeles County Treasurer & Tax Collecto
Steckbauer Weinhart Jaffe, LLP
c/o Barry Glaser
333 S. Hope Street, Ste. 3600
Los Angeles, CA 90071-3045

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

AMERICAN EXPRESS BANK FSB
C O ZWICKER ASSOCIATES
RAYMOND J LEE ESQ
199 S LOS ROBLES STE 410
PASADENA CA 91101-2438

Acqura Loan Services
7880 Bent Branch Dr Ste
Irving, TX 75063-6045

(p)ADVANTA
700 DRESHER RD
HORSHAM PA 19044-2206

Advanta Bank Corporation
c/o Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

American Express Bank, FSB
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

American Express Centurion Bank
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

B-Line, LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221

CITY OF LOS ANGELES
CITY CLERKS OFC TAX PERMIT
201 N MAIN ST RM 101
LOS ANGELES CA 90012-4108

CR Title Services Inc.
1000 Technology Drive MS 314
O Fallon, MO 63368-2239

Capital One Bank (USA), N.A.
by American InfoSource LP as agent
PO Box 71083
Charlotte, NC  28272-1083

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Capital Recovery IV LLC
c/o Recovery Management Systems Corporat
25 SE 2nd Avenue Suite 1120
Miami FL 33131-1605

Castle Peak 2010-1 Loan Trust
c/o McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101-2607

Chase
P.o. Box 15298
Wilmington, DE 19850-5298

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

Citi Mortgage Inc
Attention:  Bankruptcy Department
PO Box 79022 MS322
St Louis, MO 63179

CitiMortgage, Inc.
c/o Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-7921

Citimortgage Inc
Po Box 9438
Gaithersburg, MD 20898-9438

EMPLOYMENT DEVELOPMENT DEPT
BK SPECIAL PROCEDURES GRP
POB 826660 MIC 92E
SACRAMENTO CA 94280

FRANCHISE TAX BOARD
BK UNIT
POB 2952
SACRAMENTO CA 95812-2952

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Genesis Financial Solu
PO Box 4865
Beaverton, OR 97076-4865

Genesis Financial Solutions INC
Quantum3 Group LLC
PO Box 788
Kirkland, WA  98083-0788

HSBC  Bank Nevada, N.A.
By PRA Receivables Management, LLC
PO Box 12907
Norfolk VA 23541-0907

HSBC RECEIVABLE ACQUISITION COMPANY 1
HSBC BANK USA NA
POB 5213
CAROL STREAM IL 60197-5213

Hfc - Usa
Po Box 3425
Buffalo, NY 14240-3425

Hsbc Bank
ATTN: BANKRUPTCY
PO BOX 5253
Carol Stream, IL 60197-5253

INTERNAL REVENUE SERVICE
300 North Los Angeles Street
M/S 5022
Los Angeles, CA 90012-3351


INTERNAL REVUE SERV
POB 7346
PHILADELPHIA PA 19101-7346

Indymac Bank
Attn:Bankruptcy
PO Box 4045
Kalamazoo, MI 49003-4045

LOS ANGELES COUNTY TAX COLLECTOR
POB 54027
LOS ANGELES CA 90054-0027


LOS ANGELES COUNTY TREASURER AND TAX COLLECT
POB 54110
LOS ANGELES CA 90054-0110

LYUDMILA BABADZHANYAN
7027 FIRMANENT AVE
VAN NUYS CA 91406-5108

MERCEDES BENZ FINANCIAL SERVS
POB 961
ROANOKE TX 76262-0961


Mb Fin Svcs
P.o. Box 961
Roanoke, TX 76262-0961

OneWest Bank, FSB
2900 Esperanza Crossing
Austin, TX 78758-3658

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067


SECURITIES EXCHANGE COMMISSION
5670 WILSHIRE BLVD 11TH FLR
LA CA 90036-5627

U S TRUSTEE
UNITED STATES TRUSTEE
21051 WARNER CNTR LN STE 115
WOODLAND HILLS CA 91367-6550

United States Trustee (SV)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367-6550


VERIZON WIRELESS
PO BOX 3397
BLOOMINGTON, IL 61702-3397

Verizon
c/o AFNI Inc
1310 Martin Luther King Drive
Bloomington, IL 61701-1465

Wf Fin Bank
Wells Fargo Financial
4137 121st St
Urbandale, IA 50323-2310


Jack Piandaryan
7025 Firmament Ave
Van Nuys, CA 91406-5108

Ovsanna Takvoryan
Takvoryan Law Group, a Professional Corp
550 N Brand Bl Ste 1640
Glendale, CA 91203-1946


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Advanta Bank Corp
Po Box 844
Spring House, PA 19477

Capital One, N.a.
Bankruptcy Dept
PO Box 5155
Norcross, GA 30091

Firstar
c/o US Bank Bankruptcy Dept
PO Box 5229
Cincinnati, OH 45201


Portfolio Rc
Attn: Bankruptcy
PO Box 41067
Norfolk, VA 23541

(d)Portfolio Recovery Associates, LLC
c/o Household Finance
POB 41067
Norfolk VA 23541