1  Christopher M. McDermott (SBN 253411)
   cmcdermott@piteduncan.com
2  Matthew R. Clark (SBN 271054)
   mclark@piteduncan.com
3  Todd S. Garan (SBN 236878)
   tgaran@piteduncan.com
4  **PITE DUNCAN, LLP**
   4375 Jutland Drive, Suite 200
5  P.O. Box 17933
   San Diego, CA 92177-0933
6  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
7

8  Attorney for *Secured Creditor*
   CitiMortgage, Inc.

9  **UNITED STATES BANKRUPTCY COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| 11  In re | Case No. 1:11-bk-13493-MT |
| 12  JACK PIANDARYAN, | Chapter 11 |
| 13  Debtors. | **STIPULATION RE: TREATMENT OF CITIMORTGAGE, INC.'S CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION** |
| 14 | |
| 15 | |
| 16 | **SUBJECT PROPERTY:** |
| 17 | 7025-7027 Firmament Avenue, Los Angeles, CA 91406 |

18      This Stipulation Re: Treatment of CitiMortgage, Inc.'s Claim Under Debtor's Proposed

19  Chapter 11 Plan of Reorganization ("Stipulation") is entered into by and between secured

20  creditor, CitiMortgage, Inc. ("CitiMortgage"), by and through its attorneys of record, Pite

21  Duncan LLP, and Jack Piandaryan, (the "Debtor"), by and through his attorneys of record, the

22  Cohen Law Group and Takvoryan Law Group. Debtor and CitiMortgage are collectively referred

23  to hereinafter as the "Parties."

24      WHEREAS, on or about January 14, 2005, Debtor obtained a mortgage loan (the "Loan")

25  from Callisto Group, Inc., dba Metro Lending Services ("Callisto Group") in the original

26  principal sum of $460,000.00, which was reflected in a promissory note (the "Note") secured by

27  a deed of trust (the "Deed of Trust") encumbering the real property commonly known as 7025-

28  7027 Firmament Avenue, Los Angeles, California 91406 (the "Property");

1     WHEREAS, CitiMortgage is the current holder of the Note and record beneficiary under

2   the Deed of Trust;

3     WHEREAS, on March 21, 2011, Debtor commenced this case by filing a voluntary

4   petition for relief under chapter 11 of the Bankruptcy Code;

5     WHEREAS, on August 2, 2011, CitiMortgage filed a Proof of Claim (the "Claim") in

6   this case, which reflects that the outstanding balance of the Loan as of March 21, 2011, was

7   $457,074.96 (the "Outstanding Balance");

8     WHEREAS, on April 19, 2012, Debtor filed an Adversary Complaint (the "Complaint")

9   against Callisto Group, CitiMortgage (which was erroneously sued as Citibank, N.A.), Indymac

10  Bank, FSB, Vantium Capital, Inc., dba Acqura Loan Servicing, Castle Peak 2010-1 Loan Trust,

11  and U.S. Bank, N.A.;

12    WHEREAS, on or about July 19, 2012, Debtor filed an Amended Chapter 11 Plan (the

13  "Plan") wherein he proposes to bifurcate the Claim into a secured portion in the amount of

14  $425,000.00 and an unsecured portion in the amount of $107,863.02; and

15    WHEREAS, the Parties have agreed to resolve the Complaint and treatment of the Claim

16  under the Plan pursuant to this Stipulation.

17    **NOW THEREFORE**, the Parties hereby stipulate as follows:

18    1.    The fair market value of the Property is **$452,000.00**.

19    2.    CitiMortgage shall have a fully secured claim in the amount of **$452,000.00** (the

20  "Secured Claim") amortized over **thirty (30) years** at **5.00%** interest per annum.

21    3.    CitiMortgage shall have an unsecured claim (the "Unsecured Claim") for the

22  difference between the Outstanding Balance and the Secured Claim. Creditor shall receive, in

23  full and final satisfaction of its Unsecured Claim, its pro rata share of the dividend issued to

24  general unsecured creditors under the Plan.

25    4.    Debtor shall tender regular monthly principal and interest payments in the sum of

26  **$2,426.43** to CitiMortgage for the Secured Claim, commencing **November 1, 2012**, and

27  continuing until all such outstanding amounts under the Secured Claim are paid in full.

28  /././.

5.    In addition, Debtor shall tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances made or to be made by CitiMortgage. Debtor shall tender the necessary escrow payments together with the regular monthly mortgage payments described in paragraph 4 above, commencing on **November 1, 2012**, and continuing thereafter until the Secured Claim is paid in full.

6.    Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of the Secured Claim.

7.    In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, CitiMortgage shall provide written notice via certified mail to Debtor, at 7025 Firmament Ave., Van Nuys, CA 91406, and to Debtor's co-counsel, Ovsanna Takvoryan, at 550 N. Brand Bl., Ste 1640, Glendale, CA 91203, indicating the nature of default. If Debtor fails to cure the default with certified funds after the passage of thirty (30) calendar days from the date the written notice is placed in the mail, then the automatic stay shall terminate and CitiMortgage may proceed to foreclose its security interest in the Property under the terms of the Note and Deed of Trust and pursuant to applicable state law, and thereafter commence any action necessary to obtain complete possession of the Property without further notice, order, or proceeding of this Court.

8.    CitiMortgage's acceptance of a late or partial payment shall not act as a waiver of its right to proceed hereunder.

9.    In the event that CitiMortgage is granted relief from the automatic stay, the Parties stipulate that the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall be waived.

10.   In the event the Debtor defaults under this Stipulation and CitiMortgage forwards a 30-day letter to Debtor, Debtor shall be required to tender $100.00 for each default letter submitted in order to cure the default.

11.   At the request of CitiMortgage, Debtor shall execute such documents and instruments as are necessary to: (i) reflect Debtor as the borrower of the Secured Claim and/or (ii) modify the terms of the obligation to conform with the provisions of the this Stipulation.

STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM
UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION

12.    The terms of this Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed amended chapter 11 plan and/or any confirmation order on an amended chapter 11 plan without the express written consent of CitiMortgage. The terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed, amended chapter 11 plan.

13.    In the event this case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, CitiMortgage shall retain its lien in the full amount due under the Note and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

14.    In the event Debtor sells the Property prior to receiving his chapter 11 discharge, CitiMortgage shall be entitled to exercise its rights pursuant to 11 U.S.C. §363(k) and/or 11 U.S.C. §363(f), and shall be permitted to receive proceeds from the sale of the Property in an amount not less than the original outstanding balance owing under the terms of the Note. If the proposed sales price of the Property is less than the original outstanding balance owing under the Note, then Debtor must obtain CitiMortgage's consent in writing prior to proceeding with the sale.

15.    Within 7 days of the date of the entry of the order approving this Stipulation, Debtor shall file a notice of voluntary dismissal of the Complaint whereby he dismisses, *with prejudice*, all claims alleged against CitiMortgage and that affect the Loan.

16.    In exchange for the forgoing, this Stipulation shall constitute a ballot voting in favor of the Debtor's Plan for the Secured Claim and Unsecured Claim.

/./.

/./.

/./.

/./.

/./.

/./.

/./.

- 4 -

1    17.    This Stipulation may be executed in one or more counterparts, each of which shall

2    be deemed an original, and all of which together shall constitute one and the same instrument.

3    **IT IS SO STIPULATED:**

4                                                      **TAKVORYAN LAW GROUP**

5

6    Dated: September ___, 2012

7    _____
     OVSANNA TAKVORYAN
     Attorneys for *Debtor* Jack Piandaryan

8

9                                                      **COHEN LAW GROUP**

10   Dated: September *13* 2012

11   _____
     **JASON COHEN**
     Attorneys for *Debtor* Jack Piandaryan

12

13                                                     **PITE DUNCAN, LLP**

14

15   Dated: September *19* 2012

     _____
     MATTHEW R. CLARK
     Attorney for *Secured Creditor* CitiMortgage, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM
UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**

1       17.    This Stipulation may be executed in one or more counterparts, each of which shall

2  be deemed an original, and all of which together shall constitute one and the same instrument.

3  **IT IS SO STIPULATED:**

4                        **TAKVORYAN LAW GROUP**

5

6  Dated: September 13, 2012

7                        OVSANNA TAKVORYAN
                          Attorneys for *Debtor* Jack Piandaryan

8

9                        **COHEN LAW GROUP**

10  Dated: September __, 2012

11                        **JASON COHEN**
                        Attorneys for *Debtor* Jack Piandaryan

12

13                        **PITE DUNCAN, LLP**

14

15  Dated: September 19, 2012

16                        MATTHEW R. CLARK
                        Attorney for *Secured Creditor* CitiMortgage, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 1:11-bk-13493-MT

**STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM
UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4375 Jutland Drive, Ste. 200, PO Box 17933, San Diego, CA 92177-0933

A true and correct copy of the foregoing document entitled (*specify*): ***STIPULATION RE: TREATMENT OF CITIMORTGAGE, INC.'S CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _**09/20/2012**_  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (SV)      ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _**09/20/2012**_ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

H Jason Cohen, Cohen Law Group, 9911 W Pico Blvd Ste 1010, Los Angeles, CA 90035
Honorable Maureen A. Tighe, 21041 Burbank Boulevard, Suite 324 / Courtroom 302, Woodland Hills, CA 91367
Jack Piandaryan , 7025 Firmament Ave, Van Nuys, CA 91406
Ovsanna Takvoryan , Takvoryan Law Group, a Professional Corp, 550 N Brand Bl Ste 1640, Glendale, CA 91203

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/20/2012 | Michelle Doan | /s/ *Michelle Doan* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**