1  OVSANNA TAKVORYAN (SBN 217435)
   KRISTINE T. TAKVORYAN (SBN 242445)
2  TAKVORYAN LAW GROUP,
   A PROFESSIONAL CORPORATION
3  550 N. Brand Blvd., Suite 1640
   Glendale, California 91203
4  Telephone:  (818) 484-8161
   Facsimile:  (818) 484-2126
5  Email:  ovsanna@takvoryanlawgroup.com
6
7  Counsel for Debtor and Debtor in Possession

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11             **SAN FERNANDO VALLEY DIVISION**

12

13  In re                                   ) Case No. 1:11-bk-13493-MT
                                            )
14  JACK PIANDARYAN,                        ) Chapter 11
                                            )
15                                          ) **ORDER CONFIRMING DEBTOR'S**
              Debtor.                       ) **SECOND AMENDED PLAN OF**
16                                          ) **REORGANIZATION**
                                            )
17                                          ) Plan Confirmation Hearing
                                            ) DATE:  October 4, 2012
18                                          ) TIME:   9:30 a.m.
                                            ) Place:  Courtroom "302"
19                                          )        21041 Burbank Blvd.
                                            )        Woodland Hills, CA 91367
20                                          )
                                            )
21                                          )
                                            )
22  _____)

23

24         A hearing was held on October 4, 2012, at 9:30 a.m., before the Honorable Maureen

25  Tighe, United States Bankruptcy Judge for the Central District of California, in Courtroom

26  "302", located at 21041 Burbank Blvd., Woodland Hills, California 91367, for the Court to

27  consider the confirmation of the Debtor's Second Amended Plan of Reorganization (the "Plan"),

28

**FILED & ENTERED**

**OCT 19 2012**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harraway DEPUTY CLERK

which has been proposed by Jack Piandaryan, the Debtor in the above-referenced Chapter 11 bankruptcy case (the "Debtor").  Appearances were made as set forth on the record of the Court.

The Court, having considered the Plan, the pleadings filed by the Debtor in support of confirmation of the Plan, the voting on the Plan, the complete record in this case, the statements, arguments and representations of the parties made at the Plan confirmation hearing, and the Court, having determined that proper notice of the Plan and the Plan confirmation hearing was given, and good cause appearing therefore,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.     Each and every requirement of Sections 1122(a) and 1123(a) of the Bankruptcy Code has been satisfied.

B.     Each and every requirement of Sections 1125 and 1126 of the Bankruptcy Code has been satisfied.

C.     The Plan complies with Section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019.

D.     Each and every requirement of Section 1129(a) of the Bankruptcy Code necessary for Plan confirmation has been satisfied.

E.     Each and every requirement of Section 1129(b) of the Bankruptcy Code necessary for Plan confirmation has been satisfied because the Plan does not discriminate unfairly against, and is fair and equitable with respect to, Classes 2(e) and (f), which are impaired and have not voted to accept the Plan.

**BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS:**

1.     The Plan, a copy of which is attached hereto as Exhibit "1", is confirmed pursuant to Sections 1129(a) and 1129(b) of the Bankruptcy Code.

2.     Takvoryan Law Group, A Professional Corporation, bankruptcy counsel to the Debtor ("TLG") and Cohen Law Group, Attorneys at Law, special litigation counsel to the

Debtor ("CLG") shall share the $1,000 per month plan payments which Exhibit A to the Disclosure Statement In Support of the Plan terms "Takvoryan Law Group, A Professional Corporation (Admin Claim)" (the "Professional Fee Payments") as follows: $800 to TLG and $200 to CLG until such time as either TLG's or CLG's allowed administrative claim is paid in full, thereafter, either TLG or CLG, whichever still has a balance remaining, shall receive the full $1,000 per month until such time as its administrative claim is paid in full.

3.      The initial post-confirmation status conference shall be held on May 2, 2013, at 9:30 a.m.  The Reorganized Debtor shall file a post-confirmation status report with the Court within ten days prior to the post-confirmation status conference.  The report shall explain what progress has been made toward consummation of the confirmed Plan.  The report shall be served on the Office of the United States Trustee, the 20 largest unsecured creditors, and those parties who have requested special notice.

4.      Once the Debtor's estate has been substantially consummated as referred to in 11 U.S.C. § 1101(2), the Reorganized Debtor shall file a motion with the Court to obtain a final decree to close this case.

5.      The Reorganized Debtor shall be responsible for the timely payment of all fees incurred pursuant to 28 U.S.C. § 1930(a)(6) for all pre-confirmation quarters and for the timely payment of all fees incurred pursuant to 28 U.S.C. § 1930(a)(6) after the Plan Effective Date. After the Plan Effective Date and until a final decree is entered closing the Debtor's Chapter 11 case, the Reorganized Debtor shall file with the Bankruptcy Court and serve on the Office of the United States Trustee quarterly financial reports regarding all income and disbursements, including all Plan payments, for each qu                                        nains open.

DATED: October 19, 2012

_____
United States Bankruptcy Judge

1

2

### NOTICE OF ENTERED ORDER AND SERVICE LIST

3

Notice is given by the court that a judgment or order entitled **ORDER CONFIRMING DEBTOR'S
SECOND AMENDED PLAN OF REORGANIZATION** was entered on the date indicated as "Entered" on

4

the first page of this judgment or order and will be served in the manner indicated below:

5

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling
General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document was served on the

6

following person(s) by the court via NEF and hyperlink to the judgment or order.  As of **October 16, 2012**,
the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or

7

adversary proceeding to receive NEF transmission at the email address(es) indicated below:

**Katherine Bunker     kate.bunker@usdoj.gov**

8

**Matthew R Clark     ecfcacb@piteduncan.com**
**Barry S Glaser     bglaser@swjlaw.com**

9

**Michael R Gonzales     lbcecf@bvwlaw.com**
**Erin L Laney     ecfcacb@piteduncan.com**

10

**Christopher M McDermott     ecfcacb@piteduncan.com**
**Brian A Paino     ecfcacb@piteduncan.com**

11

**Ramesh Singh     claims@recoverycorp.com**
**Ovsanna Takvoryan     ovsanna@takvoryanlawgroup.com**

12

**United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov**

☐ Service information continued on attached page

13

14

**II. SERVED BY THE COURT VIA U.S. MAIL**: A copy of this notice and a true copy of this judgment or
order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated

15

below:

16

☐ Service information continued on attached page

17

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment

18

or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete
copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a

19

proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es),
facsimile transmission number(s) and/or email address(es) indicated below.

20

☐ Service information continued on attached page

21

22

23

24

25

26

27

28